UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARK THOMAS,                                                        Civil Action No.:

              Plaintiff,

   -against-                                                                  **CLASS ACTION COMPLAINT**

THE LAW OFFICE OF
KEVIN Z. SHINE, PLLC.,                                             **DEMAND FOR JURY TRIAL**

             Defendant(s).
------------------------------------------------------------X

      Plaintiff MARK THOMAS ("Plaintiff"), as and for his Complaint against the Defendants THE LAW OFFICE OF KEVIN Z. SHINE, PLLC (hereinafter referred to as "Defendant"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

    1.    Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

    2.    Plaintiff MARK THOMAS is an individual residing in the State of New York, County of Nassau.

    3.    Defendant LAW OFFICE OF KEVIN Z. SHINE, PLLC is a professional limited liability company engaged in the business of debt collection in the State of New York with a main office located at 5965 Transit Road, Suite 500, East Amherst, New York 14051.

4. Plaintiff is a "consumer" as the phrase is defined and used in the FDCPA under 15 USC §1692a(3).

5. The Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

8. Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of himself and all persons/consumers, along with their successors-in-interest, who have received similar debt collection notices and/or letters/communications from Defendant which, as alleged herein, are in violation of the FDCPA, within the year prior to the filing of Plaintiff's Complaint (the "Class"). Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the FDCPA.

9. This Class satisfies all the requirements of FRCP Rule 23 for maintaining

a class action.

10. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the FDCPA.

11. The debt collection notices and/or letters/communications from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

12. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

13. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

14. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. § 1692(k).

15. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

16. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

17. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

18. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

19. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

20. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## **FACTUAL ALLEGATIONS**

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "20" herein with the same force and effect as if the same were set forth at length herein.

22. Upon information and belief, Defendant, on behalf of itself or a third-party, began efforts to collect an alleged consumer debt from the Plaintiff.

23. Upon information and belief, and better known to the Defendant, Defendant continued a campaign of communications with Plaintiff by sending Plaintiff a mass-produced form letter in the mail dated June 17, 2014.

24. Defendant's letter printed on Defendant's legal letterhead (attached hereto as Exhibit "A") and bore the heading in all uppercase text:

"NOTICE OF INTENTION TO SUE AND INCUR COURT COSTS PURSUANT TO NEW YORK CIVIL PRACTICE LAW AND RULES 8101"

25. Defendant's letter stated: "Our client has authorized this law firm to file a lawsuit to collect the balance owing on the above account should we not be able to resolve this matter within fourteen (14) days from receipt of this letter. Please be advised that if you fail to take this opportunity to pay your obligation we will likely proceed with the filing of a lawsuit against you. You are hereby notified that pursuant to New York Civil Practice Law and Rules 8101, in the event that we file a suit against you, you will be potentially liable for not only the payment of your debt (including all interest accrued), but for all court costs and statutory interest pursuant to New York State Civil Law."

26. At the bottom of the page, Defendant concluded the aforementioned letter

with: "THIS LETTER IS FROM A DEBT COLLECTOR. THIS IS ANY ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE."

## **FIRST CAUSE OF ACTION**
*(Violations of the FDCPA)*

27.Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "26" herein with the same force and effect as if the same were set forth at length herein.

28.15 USC §1692e – preface prohibits a debt collector from using any false, misleading or deceptive representations in connection with the collection of a debt.

29.The Defendant violated 15 USC §1692e – preface by creating a mass-produced form letter for dissemination to consumers as exemplified by Defendant's Collection Letter dated June 17, 2014 (Plaintiff's Exhibit "A"), which contains deceptive statements and contradictions. Defendant's letter bears a heading to identify the letter as: 'NOTICE OF INTENTION TO SUE AND INCUR COURT COSTS…" and in the letter itself, claims that, in fact, it is only "likely to sue" if the consumer doesn't respond as demanded, and further contradicts the statement that it has an "intention to incur court costs," by claiming "In the event we file a suit against you, <u>you</u> will be potentially liable…for all court costs…"   To add to the consumer's confusion, Defendant three (3) times mentions "Civil Practice Law" regarding "court costs," claiming that the consumer will be: "potentially liable for not only your payment of the debt (including all interest accrued), but for all court costs and statutory interest pursuant to New York State Civil Law."  Defendant knows that court costs are only determined and awarded after a

Judgment , if at all, and depends on the unfamiliarity with the law of the least sophisticated consumer by its vague bandying about of the phrase "Civil Practice Law and Rules 8101," never actually quoting the exact law, i.e., " § 8101. Costs in an action. The party in whose favor a judgment is entered is entitled to costs in the action, <u>unless otherwise provided by statute or unless the court determines that to so allow costs would not be equitable, under all of the circumstances *[emphasis added]*</u>," so that consumers will be deceived into believing that it is a *fait accompli* that should Defendant go to Court and win against them, they will be paying. Added to Defendant's two-week time limit threat of "pay or else," imposing a false sense of urgency, the clear purpose of Defendant's letter's design is to compel payment through deception.

30. 15 USC §1692e(5) prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

31. Defendant falsely designed a letter representing that if the consumer does not pay within fourteen (14) days, Defendant will sue. Said time limit has elapsed without event. Defendant's failure to take any such legal actions against consumers who receive the referenced form letter is in blatant violation of 15 USC §1692e(5).

32. 15 USC §1692 f –preface prohibits a debt collector from using any unfair or unconscionable actions in connection with the collection of a debt.

33. The Defendant violated 15 USC §1692 f – preface by unfairly and unconscionably mass-producing and sending letters, exemplified by Defendant's Collection Letter sent to Plaintiff, designed to convince consumer recipients that they are being contacted regarding a debt with all the implications associated with a pending legal procedure and associated dire consequences. Defendant prints a letter on legal

letterhead, prominently heads such letter as "INTENT TO SUE," and insists that a creditor has authorized them to commence suit if the consumer doesn't pay in 14 days, unfairly emphasizing that the consumer may be paying more than his or her debt, but also "all interest accrued, all court costs and statutory interest," and supporting such intimidating language with repeated references to "Civil Law."  Defendant further unfairly adds at the very bottom of the communication that: "THIS IS AN ATTEMPT TO COLLECT A DEBT."  Defendant thus describes the document consumers hold in their hands as both an "INTENT TO SUE" and "AN ATTEMPT TO COLLECT A DEBT," leaving it to the consumer to decide which is which.  To this end, conspicuously absent from Defendant's letter is both the 2nd and 5th Circuit courts assertion, the latter stating: "We caution lawyers who send debt collection letters **to state clearly, prominently, and conspicuously that although the letter is from a lawyer, the lawyer is acting solely as a debt collector and not in any legal capacity when sending the letter.** The disclaimer must explain to even the least sophisticated consumer that lawyers may also be debt collectors and that the lawyer is operating only as a debt collector at that time. Debt collectors acting solely as debt collectors must not send the message that a lawyer is involved, because this deceptively sends the message that the 'price of poker has gone up.'" *Gonzalez v. Kay, 577 F. 3d 600 - Court of Appeals, 5th Circuit 2009.*"

  If Defendant is actually acting as a law firm and claims that in fact, an attorney *has* reviewed consumer's cases, Defendant's form letter to multiple recipients regarding "INTENT TO SUE," is equally questionable pursuant to the recent opinion of Hon. Kevin McNulty, United States District Court for the District of New Jersey. In the matter of  *Daniel S. Bock, Jr. vs. Pressler & Pressler*,  Civ. No. 11-7593

(KM)(MCA) (opinion dated June 30, 2014), a defendant who was sued by Pressler for an old credit card debt turned around and sued Pressler for violations of the FDCPA. The debtor alleged that Pressler's attorneys do not thoroughly review the Complaints filed against debtors before they file same with the Court. The Court found that Pressler did violate the FDCPA, i.e.:

"Ralph Gulko, Pressler's only attorney handling collection complaints filed in New Jersey courts, signed the complaint against Bock. He did not draft the complaint, and he did not carefully read and review it in any meaningful sense. He did not conduct any inquiry concerning Midland's claim against Bock, let alone one which could have permitted him to form a good faith belief that the allegations against Bock had evidentiary support and were actionable under applicable law…, no person or computer at Pressler ever checked the cardholder agreement or the chain of assignment. In sum, the evidence shows that …There was no reasonable inquiry or exercise of professional judgment. This would not meet the *Lesher/Nielson* standards for meaningful attorney involvement when sending collection letters, and it does not meet the standards for filing a complaint. There is no genuine material issue of fact requiring trial. I hold that Pressler, when it signed and filed the state court civil complaint against Bock, violated the FDCPA,15 U.S.C. § 1692e."

Accordingly, Defendant, by it's mailing, seemingly attempts to have it both ways, characterizing its communication as both debt collection and attorney communication, and in both instances, unfairly and unconscionably uses threats, intimidation, fear and deception to mislead consumers into complying with collection demands.

34.     As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

### DEMAND FOR TRIAL BY JURY

35.     Plaintiff hereby respectfully requests a trial by jury for all claims and issues

in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

    A.    For actual damages provided and pursuant to 15 USC §1692k (a) (1);

    B.    For statutory damages provided and pursuant to 15 USC §1692(2)(A);

    C.    For statutory damages provided and pursuant to 15 USC§1692k(2)(B);

    D.    For attorneys' fees and costs provided and pursuant to15USC§1692(a) (3);

    E.    A declaration that the Defendant's practices violated the FDCPA;

    F.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:       Brooklyn, New Yorks
               July 25, 2014

                             Respectfully submitted,

                             By:/s/ Yitzchak Zelman
                             Yitzchak Zelman, Esq. (YZ5857)
                             LAW OFFICE OF ALAN J. SASSON, P.C.
                             1669 East 12 Street, 2nd Floor
                             Brooklyn, New York 11229
                             Phone:    (718) 339-0856
                             Facsimile: (347) 244-7178

                             *Attorney for Plaintiff*